UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

CHAD JOSEPH NADER and REBECCA           Case No. DG 09-04594
LYNN NADER,                             Chapter 13
                                        Hon. Scott W. Dales
                Debtors.
_____/

OPINION AND ORDER REGARDING
TRUSTEE'S SUMMARY JUDGMENT MOTION

        PRESENT:        HONORABLE SCOTT W. DALES
                        United States Bankruptcy Judge

        Chapter 13 Trustee Brett N. Rodgers ("Trustee") filed objections to the Debtors' Chapter 13 Plan and exemption claims on the grounds that the Debtors have not acted in good faith in this proceeding.  The court set these matters for evidentiary hearing, but contemplated that the parties could make an early dispositive motion under Fed. R. Civ. P. 56, to expedite the resolution.  The Trustee filed such a motion on July 29, 2009 (DN 42, the "Motion") and the Debtors filed a one-page response (DN 53, the "Response").  The court has determined that it can resolve the Motion without oral argument.

        In the court's Pretrial Order dated July 10, 2009, the court framed the issues as follows:

        The Chapter 13 Trustee opposes confirmation by asserting, *inter alia*, that the Debtors lack good faith, as evidenced by the fact that they are devoting slightly more than $300 per month to the plan, even though their income is approximately $97,000 annually, and even though they propose to strip-off a junior lien. As additional evidence of bad faith, the Trustee points to the Debtors' purchase of furniture on the eve of filing, coupled with the failure to treat the resulting debt as a "910 claim" in their plan. Perhaps most damning, in the Trustee's view, is the Debtors' prepetition withdrawal of $5,000 in cash from a deposit account and post-petition payment of that sum to Mr. Nader's father, without appropriate disclosure in the schedules or statement of financial affairs.

See Pretrial Order dated July 10, 2009 (DN 36), at p. 1.  The Trustee's Motion recites his version of the facts, and includes as exhibits several pieces of correspondence between the Trustee and the Debtors, and tax returns. The Trustee contends that the undisputed facts set forth in the

Motion establish the Debtors' bad faith as a matter of law under the Sixth Circuit's analysis in Metro Employees Credit Union v. Okoreeh-Baah (In re Okoreeh-Baah), 836 F.2d 1030 (6th Cir. 1988), In re Caldwell II, 895 F.2d 1123, 1127 (6th Cir. 1990), and other authorities.

Having considered the Motion and the Response, the court agrees with the Trustee that there is no genuine issue as to any material fact, and that the Trustee is entitled to judgment as a matter of law regarding the plan confirmation issues. Specifically, the court finds the following facts are not genuinely disputed:

1. Debtors earn approximately $80,000.00 per year and propose to pay as little as $5,000.00 to their unsecured creditors even after stripping off a $40,000.00 second mortgage;

2. The Debtors' expenses are unreasonably high, and include significant telecommunications and recreation expenses, as well as retirement savings, at the expense of creditors;

3. Within approximately two months prior to filing, Debtors purchased approximately $3,000.00 worth of furniture and listed creditor, Wells Fargo, as unsecured when in fact the creditor may have a fully secured claim and purchase money security interest;[1]

4. Debtors received $8,448.00 from Federal tax refunds in February 2009, withdrew $5,000.00 in cash, kept the funds in an envelope in their home, and paid it to Mr. Nader's father post-petition, without permission, and without amending schedules to reflect the payment;

5. The post-petition transfer involved extra disposable income or property of the estate which should have been committed to repayment of unsecured creditors generally.

Under the Sixth Circuit authority cited above, and based on these undisputed facts, the court finds that the Debtors cannot establish good faith within the meaning of 11 U.S.C. § 1325(a)(3) & (a)(7).

In addition to the Debtors' budget, the court is particularly moved by the undisputed effort to conceal the $5,000.00 insider payment -- first by withdrawing the funds piecemeal, prepetition (allegedly at the suggestion of the Debtors' attorney), keeping the money in cash in

_____

[1] See Claim No. 6, at p. 4 (transaction document acknowledging Wells Fargo's security interest). Wells Fargo also objected to confirmation.

the Debtors' home until after the filing, and remitting the funds to Mr. Nader's father without authority or disclosure until after the Chapter 13 Trustee's inquiries.

In response to the Motion, the Debtors fail to contest any of the Trustee's factual assertions, and argue only generally that the issue of good faith is inherently factual. The question, however, is not whether the determination is factual in nature -- most determinations that courts resolve through summary judgment practice involve factual questions to a greater or lesser extent. Rather, on a motion for summary judgment the question is whether the party opposing the motion has raised a genuine issue of material fact by opposing the motion in the manner prescribed by Fed. R. Civ. P. 56(e)(2).[2] The Debtors' generalized response to the Trustee's specific factual assertions, unadorned with any affidavit or other reference to the record, fails to raise a genuine issue of material fact regarding the Debtors' good faith.

On the key issue of the $5,000.00 insider payment, the Debtors did not assert a defense based on advice of counsel though Mr. Nader's letter to the Trustee implicates counsel in the unseemly conduct. See Memorandum In Support of Trustee's Motion for Summary Judgment (DN 43) at Exh. C. Even if asserted, the court doubts the efficacy of such a defense under Supreme Court precedent, as it would serve only to inculpate the Debtors' attorney without exculpating the Debtors. See Pioneer Inv. Services Co. v. Brunswick Assocs., L.P., 507 U.S. 380, 397 (1993) (courts should hold parties "accountable for the acts and omissions of their chosen counsel").[3]

The Trustee's Motion does not address the Trustee's objection to the Debtors' exemptions, and the issue remains open for decision after the evidentiary hearing scheduled to take place on September 24, 2009, at 1:30 p.m. in Grand Rapids.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Trustee's Motion is GRANTED and confirmation of the plan will be denied in a separate order for want of good faith;

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order Regarding Trustee's Summary Judgment Motion pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Chad Joseph and Rebecca Lynn Nader, Roger G. Cotner, Esq., Elizabeth T. Clark, Esq., Brett N. Rodgers, Esq., Kathleen E. Mesich, Esq., and Matthew T. Cronin, Esq.

---

[2] Because the Trustee's Motion is properly "made and supported," the Debtors "may not merely rest on allegations or denials in [their] own pleading; rather, [their] response must - by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

[3] Experienced debtors' counsel would have been aware that a prepetition payment to an insider would have to be disclosed on the Statement of Financial Affairs. The court assumes that the United States Trustee will look into the suggestion that the Debtors' counsel encouraged the Debtors to withdraw the funds prepetition and make the payment post-petition to avoid detection, but retains the prerogative to raise the issues *sua sponte*. 11 U.S.C. § 105.

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: August 18, 2009**