UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

CHAD JOSEPH NADER and REBECCA       Case No. DG 09-04594
LYNN NADER,                          Chapter 7
                                     (Converted Sept. 24, 2009)
              Debtors.               Hon. Scott W. Dales
_____/

OPINION AND ORDER REGARDING UNITED STATES TRUSTEE'S LIMITED
OBJECTION TO DEBTORS' CONVERSION OF CASE TO CHAPTER 7

PRESENT:   HONORABLE SCOTT W. DALES
           United States Bankruptcy Judge

Shortly after the court entered an order granting, in part, the Chapter 13 Trustee's motion for summary judgment in the contested matter related to the confirmation of the Chapter 13 Debtors' proposed plan, but before the court could hold a long-scheduled hearing on the Chapter 13 Trustee's objection to the Debtors' exemptions, the Debtors, through counsel, filed a Motion to Convert a Case Under Chapter 13 to a Case Under Chapter 7 (DN 82, the "Supposed Motion").  In response, the United States Trustee filed his Limited Objection to Debtors' Motion to Convert Proceeding to One Under Chapter 7 of the Bankruptcy Code and Request for Hearing (DN 85, the "UST Objection").

The Debtors' use of a form that describes itself as a "motion" is unfortunate because a "motion" is a request for an order,  and as explained below, the Debtors may effect a conversion from Chapter 13 to Chapter 7 under 11 U.S.C. § 1307(a) simply by filing a notice, and certainly

without an order. <u>See</u> Fed. R. Bankr. P. 1017(f)(3). Presumably because Chapter 13 proceedings are supposed to be entirely voluntary, and given the constitutional proscription against involuntary servitude, conversion from Chapter 13 to Chapter 7 is automatic, and cannot await even the entry of an order. The court understands the United States Trustee's argument premised on <u>In re Marrama</u>, 127 S. Ct. 1105, 1109-10 (2007), a case that recognized the supposedly absolute right to convert from Chapter 7 to Chapter 13 is limited by, among other things, an implied obligation of good faith. The court concludes, however, that the same principle cannot apply in the opposite direction -- from Chapter 13 to Chapter 7 -- because any delay would impose an unacceptable risk of servitude in violation of the Thirteenth Amendment to the United States Constitution. The procedure for conversion under 11 U.S.C. § 1307(b) may require a motion and order; the procedure for conversion under 11 U.S.C. § 1307(a), however, does not. <u>Compare</u> Fed. R. Bankr. P. 1017(f)(1) & (2) <u>with</u> Fed. R. Bankr. P. 1017(f)(3).

The court has reviewed a number of cases applying <u>Marrama</u>'s good faith requirement to a debtor's supposedly absolute right to dismiss a Chapter 13 case, but believes that dismissal, which would insulate debtor misconduct from bankruptcy court review, is substantively different from conversion, which contemplates the court's continuing jurisdiction. <u>See</u>, <u>e.g.</u>, <u>In re Armstrong</u>, 408 B.R. 559 (Bankr. E.D.N.Y. 2009) (Chapter 13 debtor's right to *dismiss* is qualified by good faith, after <u>Marrama</u>).

Because conversion under 11 U.S.C. § 1307(a) is not, and cannot be, a contested matter under Fed. R. Bankr. P. 9014, the court sees no reason to grant the United States Trustee a hearing on his limited objections to the Supposed Motion. Under the Code and Rules, the

Debtors' case has already, and automatically, been converted.[1]  Moreover, there is no mechanism for pushing the Debtors back into Chapter 13 against their will because, as noted above, Chapter 13 is supposed to be completely voluntary.  The UST Objection is, therefore, moot.

The court will treat the Supposed Motion as the conversion notice contemplated in the Rules, and will enter its customary conversion notice confirming that fact.  The filing date of the Supposed Motion is the conversion date for purposes described in Fed. R. Bankr. P. 1017(f)(3), Fed. R. Bankr. P. 1019 and 11 U.S.C. § 348(c). And, although the conversion terminated the service of the Chapter 13 Trustee, his pending objection to exemptions does not abate, and his successor trustee will be substituted in his stead, as Fed. R. Bankr. P. 2012(b) contemplates.

In opposing the conversion, the United States Trustee commendably appears to be motivated in part by a desire to protect the Debtors from their decision to convert.  The court notes, however, that the Debtors are represented by new, experienced, bankruptcy counsel who is presumably advising them, and who in fact filed the Supposed Motion on their behalf.  As a practical matter, having determined that the Debtors lacked the good faith necessary to confirm a Chapter 13 plan,[2] the court is surprised the Debtors took this long to effect a conversion to Chapter 7, and assumes that the delay was probably related to the withdrawal of one attorney and the engagement of another.

---

[1] Many debtors in this District file "motions" to convert under 11 U.S.C. § 1307(a), and the court's practice has been to confirm the fact of the conversion by entering a court-prepared "notice of conversion" essentially as a housekeeping device to clarify deadlines, given the procedural confusion.

[2] See Opinion and Order Regarding Trustee's Summary Judgment Motion (DN 54) at p. 2 (finding that the Debtors "cannot establish good faith within the meaning of 11 U.S.C. § 1325(a)(3) & (a)(7)").

In closing, the court acknowledges much confusion in this area, illustrated not only by the Debtors' use of a "motion" to convert under 11 U.S.C. § 1307(a) and the UST Objection, but also the court's own delay in entering its usual form following the filing of the Supposed Motion. Nevertheless, for the sake of clarity, this case is now a Chapter 7 proceeding, and has been one since the Debtors filed the Supposed Motion. All parties should proceed accordingly.

NOW, THEREFORE, IT IS HEREBY ORDERED that the UST Objection is OVERRULED as moot. The court will enter its usual conversion notice confirming the fact of the conversion.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Chad Joseph and Rebecca Lynn Nader, Louis R. Lint, Esq., Matthew T. Cronin, Esq., and Brett N. Rodgers, Esq.

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: September 29, 2009**